UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOEL A. HORTA SUAREZ,

                Plaintiff,

-against-

WHOLE FOODS MARKET IP INC., *et al.*,

                Defendants.

23-CV-7723 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is a resident of Miami, Florida, brings this *pro se* action alleging that Defendants violated his rights in Miami, Florida. Named as Defendants are a Whole Foods Market located in downtown Miami and four employees of the downtown Miami Whole Foods Market. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Southern District of Florida.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights with respect to a transaction which appears to be connected to cases Plaintiff has litigated or is litigating in the Florida state court located in Miami Dade County.[1] He does not plead the residence of any of the individual defendants, only asserting that the alleged events giving rise to his claims occurred in Miami Florida, where he alleges Defendant Whole Foods Market IP Inc. is located. The individual defendants are employed at the Whole Foods Market in downtown Miami, and the alleged events occurred in Miami Dade County. Moreover, Plaintiff alleges no facts that his claims or any of the defendants have any connection to this District.[2] Therefore, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

On August 31, 2023, Plaintiff filed a document captioned as a "Motion [Prophylactic or Anticipatory] For Transfer to Cure Want of Jurisdiction." (ECF 3.) In that motion, Plaintiff acknowledges that the Southern District of Florida is the "more natural forum or venue to pursue this action," but he appears to argue that the action be permitted to proceed in this District because this District permits *pro se* litigants to file documents via email. (*Id.* at 2.) As discussed above, however, venue in this District is not proper under Section 1391(b)(1) or (2). Plaintiff's preference for a court that permits *pro se* litigants to electronically file documents is not a valid basis for finding venue to be appropriate in this District.

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which

---

[1] A review of public records maintained by the Eleventh Judicial Circuit of Florida shows that Plaintiff recently filed a case in that court arising from the same events. *See Horta Suarez v. Whole Foods Market IP Inc.*, No. 2023-21648-CA-01 (Fla. Cir. Ct. filed Aug. 16, 2023).

[2] This federal judicial District, the Southern District of New York, includes the following New York State counties: New York (New York City Borough of Manhattan), Bronx, Westchester, Dutchess, Rockland, Orange, Putnam, and Sullivan. 28 U.S.C. § 112(b).

it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Miami Dade County, Florida, which is in the Southern District of Florida. *See* 28 U.S.C. § 89(c). Accordingly, venue lies in the Southern District of Florida, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Southern District of Florida, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Florida. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case in this court.

All other motions are terminated.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 1, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3